IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RAHMAN MUHAMMAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 09-1014-GPM |
| | ) | |
| MICHAEL P. RANDLE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, an inmate at the Big Muddy Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, for violations of his rights under Titles I and II of the Americans with Disabilities Act, and for violations of his rights under the Rehabilitation Act. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> 　　(1) is frivolous, malicious, or fails to state a claim on which relief
> 　　may be granted; or
> 　　(2) seeks monetary relief from a defendant who is immune from such
> 　　relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

The complaint and attached exhibits indicate that Plaintiff is missing his right eye, that his right pinky finger was amputated, and that he has a partially reconstructed right knee cap. Due to his physical condition, Plaintiff asserts that he is a "qualified individual with a disability" and claims that Defendants terminated him from his prison job in violation of his constitutional rights under 42 U.S.C. § 1983, in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, and in violation of the Rehabilitation Act, 29 U.S.C. § 794, *et seq*.

Specifically, Plaintiff alleges that on May 4, 2009, he was approved for a prison job working in the yard. Due to inclement weather, however, Plaintiff did not report to his job until May 15, 2010. When he reported for his job, he was told by "officer Black" and Defendant Hudson that he was "not the right guy for the job." Defendant Hudson then contacted Defendant McNeil to have Plaintiff removed from his prison job. Plaintiff filed grievances concerning the loss of his prison job due to his disability. The responses to Plaintiff's grievances state that he was terminated from

his job not because of his disability, but because of some other "administrative decision." For relief, Plaintiff seeks "punitive and nominal damages." Defendants Randle, Peyton, Hudson, and McNeil are sued "in both their official individual capacities."

Based on the allegations of the complaint, the Court finds it convenient to divide Plaintiff's *pro se* action into **four** counts. The parties and the Court will use these designations in all future filings, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **COUNT 1:** Against Defendants Randle, Evans, Hudson, Peyton, and McNeil for terminating him from his prison job based on his physical condition in violation of Plaintiff's right to Due Process of Law under the Fourteenth Amendment.
>
> **COUNT 2:** Against Defendants Randle, Evans, Hudson, Peyton, and McNeil for terminating him from his prison job based on his physical condition in violation of Title I of the ADA.
>
> **COUNT 3:** Against Defendants Randle, Evans, Hudson, Peyton, and McNeil for terminating him from his prison job based on his physical condition in violation of Title II of the ADA.
>
> **COUNT 4:** Against Defendants Randle, Evans, Hudson, Peyton, and McNeil for terminating him from his prison job based on his physical condition in violation of the Rehabilitation Act.

### DISCUSSION

**A. Due Process Claim (Count 1)**

Plaintiff did not identify which of his constitutional rights were violated by Defendants, but the Court infers that Plaintiff is attempting to assert a claim that he was terminated from his job based on his physical condition without Due Process of law. Unfortunately, the loss of a prison job does not implicate the Due Process clause. "An inmate's expectation of keeping a certain prison job does not amount to a property or liberty interest entitled to protection under the due process clause."

*Gibson v. McEvers*, 631 F.2d 95, 98 (7th Cir. 1980); *accord Garza v. Miller*, 688 F.2d 480 (7th Cir. 1982) (prisoner does not have a constitutional right to rehabilitative programs or employment in prison). Therefore, Count 1 of the complaint fails to state a claim and must be dismissed pursuant to § 1915A.

### B. Title I ADA Claim (Count 2)

Title I of the ADA prohibits covered employers from discriminating against qualified individuals with disabilities in hiring and employment because of their disabilities. 42 U.S.C. § 12112(a). Plaintiff's complaint cannot be understood as alleging that he was privately and individually employed by Defendants Randle, Evans, Hudson, Peyton, and McNeil. Rather, Plaintiff's "employer" – if any – was the Illinois Department of Corrections (or the State of Illinois). Title I does not abrogate a state's Eleventh Amendment immunity for suits for money damages. *Board of Trs. of Univ. of Alabama v. Garrett*, 531 U.S. 356, 368 (2001). Therefore, Count 2 of the complaint must be dismissed pursuant to § 1915A for failure to state a claim.

### C. Title II ADA Claim (Count 3)

Title II of the ADA prohibits public entities from denying qualified individuals with disabilities the opportunity to participate in the services, programs, or activities of the public entity because of their disabilities. 42 U.S.C. § 12132. "[I]nsofar as Title II creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." *United States v. Georgia*, 546 U.S. 151, 159 (2006) (emphasis in original); *see also Toeller v. Wisconsin Dept. of Corr.*, 461 F.3d 871, 874 (7th Cir. 2006). As noted above, Plaintiff's termination from his prison job does not independently violate the Constitution. In *Georgia*, however, the Supreme Court left open the question of whether the ADA could validly abrogate sovereign immunity for claims premised on conduct that does not

independently violate the Fourteenth Amendment. 546 U.S. at 159. The Supreme Court instructed lower courts to determine, claim by claim, whether Congress's purported abrogation of sovereign immunity is valid when the challenged conduct violates the ADA but not the Constitution. *Id*.

Prisons are "public entities" within the meaning of Title II of the ADA. *Pennsylvania Dept. of Corr. v. Yeskey*, 524 U.S. 206, 208 (1998). Based on his physical condition, Plaintiff arguably is a qualified disabled person for ADA purposes. 42 U.S.C. § 12102(1). Title II claims must be brought against a governmental (i.e., public) entity, 42 U.S.C. § 12132; therefore, the Court will allow Count 3 of Plaintiff's complaint to proceed, but only against Defendants in their official capacities.[1]

### C. Rehabilitation Act Claim (Count 4)

The Rehabilitation Act prohibits discrimination on the basis of disability in programs conducted by federal agencies or which receive federal financial assistance. The Rehabilitation Act applies to state prisons, *Stanley v. Litscher*, 213 F.3d 340, 343 (7th Cir. 2000), and Congress has abrogated state immunity to suit under it. 42 U.S.C. § 2000d-7. To state a claim under the Rehabilitation Act, however, Plaintiff must allege that: (1) he is handicapped under the Act; (2) he is otherwise qualified for the benefit sought; (3) he was discriminated against solely by reason of his handicap; and (4) the program or activity in question receives federal financial assistance. *Grzan v. Charter Hosp. Of Northwest Indiana*, 104 F.3d 116, 119 (7th Cir. 1997). It does not appear from Plaintiff's complaint that the specific programs to which Plaintiff wants access receive federal financial assistance. Therefore, Count 4 of the complaint must be dismissed pursuant to § 1915A, as it fails to state a claim.

---

[1] At this time, the Court does not make a finding on whether Congress abrogated sovereign immunity for Plaintiff's Title II claim.

**S**UMMARY

Counts 1, 2, and 4 of Plaintiff's complaint do not survive review under § 1915A. Count 3 of the complaint survives review, but only against Defendants in their official capacities. Count 3 of the complaint does not survive review under § 1915A to the extent it is brought against Defendants in their individual capacities. Counts 1 and 2 of the complaint and the individual capacity claims asserted in Count 3 are **DISMISSED** with prejudice. Count 4 of the complaint is dismissed without prejudice. Plaintiff is advised that the dismissal of these claims will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

The Clerk of Court is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **Randle, Evans, Hudson, Peyton,** and **McNeil** . The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **Randle, Evans, Hudson, Peyton,** and **McNeil** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable Forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections (IDOC) who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with that defendant's last-known address upon issuance of a Court order which states that the information shall be used only for purposes of effectuating service (or for proof of

service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from IDOC pursuant to such order shall not be maintained in the Court file nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk of court prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally-served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendants or, if appearance has been entered by counsel, upon their attorney(s), a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to Defendant or their counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule of the United States District Court for the Southern District of Illinois 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. If Plaintiff fails to do so, this action will be dismissed for failure to comply with an order of this Court. FED. R. CIV. P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**

DATED: 07/02/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge