IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAHMAN MUHAMMAD, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 09-cv-01014-DGW |
| MICHAEL RANDLE, et al. | ) |
| Defendants. | ) |

**ORDER**

Pending before the Court is a Motion for a Temporary Restraining Order and/or Preliminary Injunction filed by Plaintiff Rahman Muhammad on April 1, 2011 (Doc. 32).

Plaintiff, an inmate currently incarcerated at the Illinois River Correctional Center, brought this suit pursuant to 42 U.S.C. § 1983, for violations of his rights under Titles I and II of the Americans with Disabilities Act, and for violations of his rights under the Rehabilitation Act while he was incarcerated at Big Muddy River Correctional Center (Doc. 1). After conducting its preliminary review of Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court permitted Plaintiff to proceed against Defendants Michael Randle, John Evans, Shaun Hudson and William Peyton for terminating him from his prison job based upon his physical condition in violation of Title II of the Americans with Disabilities Act (Doc. 5).

On April 1, 2011, Plaintiff filed the pending motion. Plaintiff asks the Court to enter a temporary restraining order, a preliminary injunction, or both requiring Glaydse Taylor to have Plaintiff transferred to either Dixon Correctional Center, Centralia Correctional Center or Graham Correctional Center within thirty days as these facilities are "equipped to house 'qualified individuals with disabilities'" (Doc. 32). Plaintiff maintains that he is disabled, and his current facility does not have programs and activities for disabled individuals. *Id.* Plaintiff

further alleges his placement in a correctional facility that is not equipped for individuals with disabilities violates his rights under the ADA. *Id.*

Plaintiff seeks injunctive relief against an individual who is not a defendant in this action. There is no indication in the record that Gladyse Taylor has received any notice of Plaintiff's motion. A temporary restraining order may issue without notice only when a party shows "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1). Plaintiff has not shown that immediate and irreparable injury will result before the adverse party can be heard.

Plaintiff also seeks a preliminary injunction. To prevail on a motion for preliminary injunction, Plaintiff must show that he is reasonably likely to succeed on the merits, that no adequate remedy at law exists, and that he will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted, and that the injunction will not harm the public interest. *Joelner v. Village of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004); *see also Incredible Technologies, Inc. v. Virtual Technologies, Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005). If Plaintiff meets this initial burden, "then the inquiry becomes a 'sliding scale' analysis where these factors are weighed against one another." *Joelner*, 378 F.3d at 619. Pursuant to Rule 65(d), any order made pursuant to the rule must be specific and "is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise."

As stated above, it is problematic that Plaintiff seeks injunctive relief against a party who is not a defendant in this lawsuit. Even if she was, Plaintiff has still not shown he is likely to succeed on the merits of the issue raised in the motion. Other than demanding a transfer to a

different correctional facility, Plaintiff has not submitted any documents demonstrating that he has sought relief through the grievance process at the Illinois River Correctional Center.

With respect to the third *Joelner* factor in which the Court must weigh the harm to the respondent, the law is well-settled that decisions where inmates will be housed are left to the discretion of prison administrators. *See McKune v. Lile*, 536 U.S. 24, 39 (2002). Furthermore, the Court is always wary of involving itself in the day-to-day administration of prisons. "Federal judges must always be circumspect in imposing their ideas about civilized and effective prison administration on state prison officials. The Constitution does not speak with precision to the issue of prison conditions (that is an understatement); federal judges know little about the management of prisons; managerial judgments generally are the province of other branches of government that the judicial; and it is unseemly for federal courts to tell a state . . . how to run its prison system." *Scarver v. Litscher*, 434 F.3d 972, 976-77 (7th Cir. 2006) (quoting *Duran v. Elrod*, 760 F.2d 756, 759 (7th Cir. 1985)).

In balancing these interests, the Court concludes that a preliminary injunction is not warranted in this case.

**IT IS SO ORDERED**.

DATED: May 5, 2011

**DONALD G. WILKERSON**
**United States Magistrate Judge**